MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., Appellant,

v.

George L. WILSON, Appellee.

No. 08–90–00235–CV.

Court of Appeals of Texas,
El Paso.

Feb. 13, 1991.

Richard Munzinger, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Tex., for appellant.

Thomas M. Bruner, Boldrick & Clifton, Midland, Tex., for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an interlocutory appeal from a denial of a Motion to Compel Arbitration. We reverse and remand.

In March of 1987, George Wilson opened an account with the Appellant brokerage firm. Two agreements were executed be-

tween the parties that contained identical arbitration clauses. Subsequently, Mr. Wilson filed suit against the firm, its former employee and registered representative and others, alleging fraud, breach of fiduciary duty, violations of federal securities laws and of the Deceptive Trade Practices Act (DTPA). Appellant unsuccessfully sought to stay the trial court proceedings until the issue regarding arbitration was resolved.

The arbitration clauses in question state in part:

10. It is understood that the following agreement to arbitrate does not constitute a waiver by the undersigned of the right to seek a judicial forum where such a waiver would be void under the federal securities laws.

The undersigned agrees, and by carrying an account for the undersigned you agree, that except as inconsistent with the foregoing sentence, all controversies which may arise between us, including but not limited to, any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration and shall be governed by the laws of the State of New York.

The four points of error complain that the trial court erred by finding the dispute did not involve interstate commerce, that the clauses were not applicable to the dispute and that failure to compel violated the Federal Arbitration Act and Texas General Arbitration Act.

The Federal Arbitration Act provides in part:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C.S. § 2 (Law.Co-op.1987).

The petition alleges multiple causes of action, primarily based upon the facts that the employee of the brokerage firm, whose acts were authorized and ratified by the brokerage firm, fraudulently borrowed money from Wilson claiming that they would purchase oil field pumping units for resale to third parties and repay the loans with interest following resale of the pumping units. Because most of the acts were committed while Wilson was a "brokerage customer," it was claimed Wilson had standing under the DTPA. Additional causes of action against the brokerage firm for "churning the account" in violation of the Securities Exchange Act of 1934 and the rules of the Securities and Exchange Commission were alleged. Also, the brokerage firm's fraudulent failure to explain the brokerage contract's terms was alleged.

Federal security regulation finds its legitimacy in the protection of the public in interstate commerce. *Oklahoma–Texas Trust v. Securities and Exchange Commission,* 100 F.2d 888 (10th Cir.1939); *Wright v. Securities Exchange Commission,* 112 F.2d 89 (2nd Cir.1940). Reliance on the acts for a cause of action in the petition necessarily concedes a cause of action based upon an agreement founded in interstate commerce as to those particular grounds.

The securities account agreement in this case is a contract for the purpose of trading securities and clearly involves commerce within the Federal Arbitration Act. *Webb v. R. Rowland & Co., Inc.,* 800 F.2d 803 (8th Cir.1986). The agreement to submit to arbitration all controversies arising out of the contract may encompass some claims sounding in tort. *Valero Energy Corporation v. Wagner & Brown,* 777 S.W.2d 564 (Tex.App.—El Paso 1989, writ denied). The test should be based upon whether the particular tort claim is so interwoven with the contract that it could not stand alone, or on the other hand, is a tort completely independent of the contract and could be maintained without reference to the contract. *Id.* at 566.

■ While generally, the allegation of fraud would stand alone, the plaintiff seeks to attribute liability to the brokerage firm because the plaintiff was a "brokerage customer" of the firm, the plaintiff "relied on the reputation" of the firm as a "reputable brokerage firm" and because most of the transactions were completed while the plaintiff was a "brokerage customer." The DTPA action is conditioned upon his being a customer. The tort claim is interwoven into the contract sufficiently to bring the matter within the arbitration clause.

■ Arbitration clauses falling within the Federal Arbitration Act will be enforced by Texas courts. *White–Weld & Company, Incorporated v. Mosser,* 587 S.W.2d 485 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), cert. denied, 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). Points of Error Nos. One, Two and Three are sustained.

Point of Error No. Four concerning the Texas General Arbitration Act is rendered moot by sustainment of the prior points.

■ The Appellee contends in Cross-point of Error No. One that the trial court erred in not ordering an evidentiary hearing to determine if a valid agreement to arbitrate existed between the parties.

Wilson pleaded he was unable to read and comprehend brokerage contracts, and that the brokerage firm, while aware of this, fraudulently failed to explain the terms to him. Wilson verified this by affidavit filed with the trial court, explaining his inability to comprehend was due to a stroke that he had suffered.

■ The issue as to whether there is a valid agreement to arbitrate is separate from the issue of whether the contract was repudiated or breached. The former is determined by the trial court and the latter by the arbitrator. *Shearson Lehman Hutton, Inc. v. McKay,* 763 S.W.2d 934 (Tex. App.—San Antonio 1989, no writ).

In his case, there is no averred fraud in the inducement that would vitiate the contract, as there is no misrepresentation by the brokerage firm alleged. Therefore, an evidentiary hearing is not necessitated. Cross-point of Error No. One is overruled.

Cross-point of Error No. Two claims the trial court erred in not compelling certain discovery in the cause of action between Wilson and codefendant Stewart. Appellant has no standing to complain, and Stewart is not a party to this appeal. Any opinion would, therefore, be advisory and improper. Cross-point of Error No. Two is overruled.

The order of the trial court is reversed and the case remanded for further proceedings consistent with the Federal Arbitration Act and this opinion.