**HOWELL CRUDE OIL COMPANY,
Appellant,**

**v.**

**TANA OIL & GAS CORPORATION,
Appellee.**

**No. 13–93–048–CV.**

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Patrick J. Dyer, Eric Yollick, Wilshire, Scott & Dyer, Houston, for appellant.

R. Clay Hoblit, Harvey Ferguson, Jr., Chaves, Gonzales & Rogriguez, Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an interlocutory appeal from the denial of a motion to compel arbitration and to stay proceedings in the trial court. Tana Oil & Gas Corporation sued Howell Crude Oil Company under theories of breach of contract, fraudulent misrepresentation, and quantum meruit, based on Howell's agreement to purchase crude oil from Tana and its subsequent failure to pay Tana for such oil. Howell moved to stay proceedings in the trial court and compel arbitration in accordance with an arbitration clause in a written contract between the parties. Howell brings the present appeal from the trial court's order denying its motion. We reverse the order of the trial court, and order the trial court to compel arbitration.

By its third point of error Howell complains that the trial court erred in denying the motion to compel arbitration because

there was a valid and enforceable agreement to arbitrate.

The Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224 (Vernon Supp.1993), provides generally for the validity and enforceability of written arbitration agreements. In addition, TEX.REV.CIV.STAT. ANN. art. 225(A) (Vernon 1973) provides that:

> On application of a party showing an agreement described in Article 224 of this Act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration; but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

TEX.REV.CIV.STAT.ANN. art. 238-2 (Vernon 1973), provides for an appeal from, among other things, an order denying an application to compel arbitration made under Section A of Article 225. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 n. 10 (Tex.1992).[1]

Public policy favors arbitration. *Jack B. Anglin Co.*, 842 S.W.2d at 268; *Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 919 (Tex.App.—Corpus Christi 1991, writ dism'd w.o.j.). A trial court, upon motion to stay a proceeding pending arbitration, must determine whether the parties agreed to arbitration and the scope of the agreement. Once the trial court determines that the issue raised is one falling within the arbitration agreement, it then must compel arbitration. *See Tucker*, 806 S.W.2d at 919.

In the present case, the parties generally agree concerning the factual context under which Howell asserts the existence of an agreement to arbitrate. Tana simply contends that, based on those facts, the parties never reached a written agreement on the terms of the contract and that the contract remained merely an oral agreement.

*Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966).

---

1. Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments. *Jack B. Anglin Co.*, 842 S.W.2d at 272;

Both parties signed a letter dated September 5, 1990, confirming an agreement that Tana sell crude oil to Howell from Tana's Mills No. 1 well at a specified price for a month-to-month term. The letter further provided that Howell prepare a formal contract for Tana's approval.

Howell prepared a formal written contract on the Mills No. 1 well containing a clause which provided for arbitration of any disagreements between the parties. Howell signed and sent the contract to Tana on September 13, 1990. In addition, Howell's contract contained a provision for 30 days' advance written notice of cancellation. Tana modified Howell's contract to provide for 10 days' advance notice of cancellation, signed the contract, initialled the modification, and returned the contract, as modified, to Howell on September 17, 1990. Howell, however, did not accept Tana's modification.[2]

Tana argues that because the terms of the signed document sent by Howell differ from the signed document returned by Tana, the parties never had a written contract, but only had an oral agreement under which Tana agreed to sell oil to Howell.

■ We note that a contract for the sale of oil or natural gas is a contract for the sale of goods under the Texas Uniform Commercial Code. *See Fletcher v. Ricks Exploration,* 905 F.2d 890, 892 (5th Cir.1990); TEX.BUS. & COM.CODE ANN. § 2.105(a) (Vernon 1968). Thus, as a transaction in goods, a contract for the sale of oil falls within the scope of the Texas Uniform Commercial Code. TEX.BUS. & COM.CODE ANN. § 2.102 (Vernon 1968)[3].

■ Section 2.207 generally applies in the following two situations:

(a) when an agreement has already been reached by the parties, either orally or through informal writings, and is subsequently followed by a formal confirmation containing terms agreed upon and additional terms not discussed; and,

(b) when a wire or letter expressed and intended as a confirmation of an agreement adds further minor suggestions or proposals.

*See Tubelite v. Risica & Sons, Inc.,* 819 S.W.2d 801, 804 (Tex.1991); *Preston Farm & Ranch Supply, Inc. v. Bio–Zyme Enterprises,* 625 S.W.2d 295, 299 (Tex.1981).

■ In the present case, the parties' exchange of signed written documents with a slight variation in their terms for cancellation amounts to a "battle of the forms" governed by the terms of section 2.207. Regardless of which of the disputed terms of cancellation became a part of the contract or which of the documents amounted to acceptance or confirmation of the contract, it is clear that the parties recognized the existence of a contract. Since both parties' written documents contained the same arbitration clause, it is also clear that under the terms of section 2.207, the arbitration clause became a part of their written agreement. *See Tri–State Petroleum Corp. v. Saber Energy, Inc.,* 845 F.2d 575, 578 (5th Cir.1988) (where a written contract sent by the first party is signed and

---

2. There are conflicting affidavits and deposition excerpts in the record concerning whether Tana later orally agreed to be bound by the provisions of the original written agreement offered by Howell, including, specifically, the 30 days' advance notice provision.

3. TEX.BUS. & COM.CODE ANN. § 2.207 (Vernon 1968) provides that:

(a) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(b) The additional terms are to be construed as proposals for addition to the contract. Be-

tween merchants such terms become part of the contract unless:

(1) the offer expressly limits acceptance to the terms of the offer;

(2) they materially alter it; or

(3) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(c) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this title.

returned by the second party, but altered by additional or different terms, UCC 2.207(a) allows the return of the contract to act as acceptance of the offer with the alterations as proposals for addition to the contract); *Massey v. Galvan*, 822 S.W.2d 309, 315 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (letters between the parties, when taken as a whole, show that they agreed to arbitrate). We hold that the parties' written agreement of September 1990 includes an agreement to arbitrate.

■ Tana, however, also argues that a written agreement between the parties, dated January 23, 1991, replaced and superseded the prior September 1990 agreement providing for arbitration. The subsequent contract provides, in pertinent part, as follows:

This letter confirms that Howell Crude Oil Company agrees to purchase crude oil production from Tana Oil and Gas Corporation in Gonzales County, Texas under the following terms and conditions:

1. Term: A contract effective February 1, 1991 and terminating February 28, 1991.

\* \* \* \* \* \*

5. Quantity: All liquid crude oil/condensate produced from Tana's Griffin # 1 well in Gonzales County, Texas.

\* \* \* \* \* \*

This agreement replaces and supersedes any and all other agreements, if any, between Howell Crude Oil Company and Tana Oil and Gas Corporation.

We agree with Tana that the January 23, 1991 agreement effectively terminated the September 1990 agreement and any production and sale of crude oil after the effective date of February 1, 1991, should be governed by the January 23, 1991 agreement. Tana's claims in the present lawsuit, however, clearly involve the sale of crude oil to Howell before February 1, 1991. Thus, the written provisions for arbitration in the September 1990 agreement still apply to Tana's claims involving the sale, prior to February 1, 1991, of oil produced from the Mills No. 1 well.

■ Tana finally contends that Howell has waived its right to compel arbitration by substantially invoking the judicial process to the detriment or prejudice of the opposing party. *See D. Wilson Construction Co. v. McAllen Independent School District*, 848 S.W.2d 226, 230 (Tex.App.—Corpus Christi 1992, writ requested); *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Transwestern Pipeline Co. v. Horizon Oil & Gas Co.*, 809 S.W.2d 589, 593 (Tex. App.—Dallas 1991, writ dism'd w.o.j.); *USX Corp. v. West*, 759 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1988, no writ).

The record in the present case, however, reveals that Howell filed its answer and motion to compel arbitration less than one month after Tana filed its original petition. Although it is true that Howell appears to have proceeded with pretrial discovery and procedure as if the present suit was going to be tried in court, it has not hidden its intent to have the case submitted to arbitration. *Cf. Marble Slab Creamery, Inc.*, 823 S.W.2d at 438 (after actively participating in pleadings and pretrial matters without mentioning right to arbitration, party first sought to compel arbitration just before trial). Since Howell has been open about its intentions from the beginning, it should not be required to forego all pretrial preparations and throw caution to the wind in the hope that the trial court will correctly refer the matter to arbitration. *See D. Wilson Construction Co.*, 848 S.W.2d at 230.

We, therefore, hold that Howell was entitled to compel arbitration in accordance with the terms of the arbitration clause in the September 1990 written agreement.

We now examine the scope of that arbitration agreement and whether it covers the claims asserted in the present lawsuit. The arbitration agreement in the September 1990 written contract upon which Howell relies provides as follows:

*ARBITRATION:* In case of disagreement between the parties to this contract as to any right, obligation, term or provision thereof, the parties shall make an earnest effort to settle such disagreement to their mutual satisfaction. If such effort is unsuccessful, then such disagreement shall be settled by arbitration, in accordance with the rules, then obtaining, of the American

Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof. All proceedings referred to in this paragraph shall be conducted in Houston, Texas unless otherwise agreed upon by the parties.

Texas law provides that when a party contests the applicability of an arbitration agreement, the trial court is to proceed summarily to determine the issue. Rather than conducting a full evidentiary hearing on a motion to compel arbitration, the trial court should hold a summary hearing and apply the terms of the arbitration agreement to the undisputed facts as shown by affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts. *Jack B. Anglin Co.*, 842 S.W.2d at 269.

In the present case, Tana contends that the written arbitration clause of the September 1990 contract only covers disputes concerning production from the Mills No. 1. Thus, Tana argues that disputes arising from production from other wells under an oral agreement or the January 1991 agreement are not subject to arbitration. Howell contends that all of the claims in the present lawsuit directly relate to Howell's alleged failure to pay for oil under the September 1990 contract, and are thus arbitrable under the provisions of that contract.

Texas law favors the joint resolution of multiple claims to prevent multiple determinations of the same matter. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271 (Tex.1992). Thus, an agreement to submit to arbitration all controversies arising out of a contract may encompass some claims sounding in tort. The test should be whether the particular tort claim is so factually intertwined with the contract that it could not stand alone. *Id.* at 271; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wilson*, 805 S.W.2d 38, 39 (Tex.App.—El Paso 1991, no writ); *Valero Energy Corp. v. Wagner & Brown, II*, 777 S.W.2d 564, 566 (Tex.App.—

El Paso 1989, writ denied). We agree with Howell that Tana's claims for misrepresentation and quantum meruit, as long as they arise from Howell's obligations under the September 1990 written contract covering the Mills No. 1 well, are subject to arbitration.

Tana's Second Amended Original Petition asserts causes of action under both a December 1990 oral agreement and the January 1991 written agreement. It is uncontroverted that at least a part of Tana's damages under the alleged oral agreement relate to the production and sale of oil from the Mills No. 1 well and are covered by the September 1990 written contract and arbitration agreement. However, it is also undisputed that part of those damages relate to the production and sale of oil from other wells. We hold that Tana's claims, whether in contract or in tort, to the extent that they relate to the production and sale of oil from the Mills No. 1 well before February 1, 1991, should have been referred by the trial court to arbitration. We, therefore, sustain Howell's third point of error.

The remaining points of error are not dispositive and we do not address them. *See* TEX.R.APP.P. 90(a). We REVERSE the order of the trial court and ORDER the trial court to compel arbitration and stay its own proceedings with regard to those claims which, in accordance with this opinion, fall within the scope of the arbitration agreement.