IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50643
_____


ASW ALLSTATE PAINTING & CONSTRUCTION
CO., INC.,

                                        Plaintiff-Appellee,

versus

LEXINGTON INSURANCE COMPANY,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
- - - - - - - - - -
September 3, 1999


Before STEWART and DENNIS, Circuit Judges.[*]

PER CURIAM:

        Lexington Insurance Company ("Lexington") appeals from the

district court's order denying its motion to compel arbitration of

its dispute with ASW Allstate Painting and Construction Co., Inc.

("ASW").

        ASW entered a construction contract with Lexington's insured,

TVO Hanover ("TVO"), which contained an agreement to arbitrate any

_____

        [*] Judge John Minor Wisdom, who died May 15, 1999, was
originally a member of this panel.  When one of the three judges of
a panel dies or becomes unable to participate, the remaining two
judges are authorized to proceed with the determination of the
appeal.  28 U.S.C. § 46(d).  *See Murray v. National Broadcasting
Co.,* 35 F.3d 45 (2d Cir. 1994); *Tobin v. Ramey,* 206 F.2d 505 (5th
Cir. 1953).

dispute between ASW and TVO arising from or related to the construction contract. Lexington notified ASW that, when it paid TVO under an insurance policy for loss by a construction-related fire allegedly caused by ASW, it became subrogated to TVO's right to assert a claim against ASW under the arbitration agreement. ASW filed a diversity suit against Lexington for a declaratory judgment that there was no arbitration contract between them. Lexington filed a motion to compel arbitration. The district court denied the motion, without prejudice, stating that there were unresolved issues as to Lexington's standing, waiver of its claim, and fulfillment of the prerequisites for arbitration. Lexington appealed. We vacate the district court's order and remand the case to it with instructions to summarily determine whether there is an agreement to arbitrate between the parties.

## I. Background

TVO is the owner of the Royal Woods Apartments in Kansas City, Missouri. In October 1996, TVO contracted with ASW to perform substantial renovations and repairs to these premises. ASW then began to perform the renovations in accordance with the contract. In May 1997, a fire broke out at the apartments. As a result of the fire, TVO sustained a loss of approximately $823,000 in damage to the buildings and their contents. Lexington, as TVO's insurer, paid TVO roughly $647,000 in accordance with the insurance policy.

After paying TVO under the insurance policy, Lexington, alleging that it had become subrogated to TVO's tort damage claim against ASW, demanded that ASW submit to arbitration of the dispute

2

in accordance with the construction contract. In response, ASW filed a petition for declaratory judgment against Lexington in the district court, basing jurisdiction on diversity of citizenship between ASW and Lexington. ASW sought a judgment declaring that it was not bound by the construction contract to arbitrate any such dispute with Lexington. Lexington filed a motion to compel arbitration. Based on its payment to TVO, Lexington claimed to be a subrogee of TVO, and "standing in the shoes" of TVO, moved to compel arbitration with ASW to recover damages. The district court denied the motion to compel arbitration, saying that there were questions whether Lexington had standing to compel arbitration, whether there had been a valid waiver of the claim, and whether Lexington had met the prerequisites for arbitration. The district court noted that Lexington was free to renew the motion at a later time. Lexington appealed.

The construction agreement between the owner/TVO and contractor/ASW provides that the contract shall be governed by the laws of the State of Texas; that it shall not be construed to create any contractual relationship of any kind between any persons or entities other than the contractor and the owner; that TVO and ASW are obliged to insure each other against fire and other losses related to the construction contract; and that TVO and ASW waive all rights against each other for damages caused by fire or other perils to the extent the loss is covered by property insurance. The construction agreement's arbitration clause requires that all disputes between the contractor and the owner arising out of or in

3

relation to the contract shall be decided by arbitration.

## II. Jurisdiction

ASW is a citizen of the state of Texas. Lexington is a citizen of the state of Delaware. In its Petition for Declaratory Relief, ASW alleges complete diversity of citizenship between ASW and Lexington as the basis for subject matter jurisdiction. 28 U.S.C. § 1332(a)(1). On appeal, ASW contends that if Lexington is truly "standing in the shoes" of TVO, then Lexington assumes TVO's Texas citizenship as well. We disagree. While it is true that an insurer assumes the citizenship of the insured in a direct action against the insurer to which the insured is not joined as a party-defendant, our precedent establishes that a petition for declaratory relief is not such a direct action. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988). The district court has diversity jurisdiction because Lexington and ASW are citizens of different states.

## III. Discussion

The district court properly considered the motion to compel arbitration before undertaking an adjudication of the suit for declaratory judgment. But it fell into error when it denied Lexington's Motion to Compel Arbitration without proceeding summarily to determine whether there is a valid agreement to arbitrate between ASW and Lexington and, if so, whether the dispute between them falls within the agreement.

The construction agreement contains a general choice-of-law provision stating that Texas law applies to the contract. The

4

Supreme Court held in *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 477 (1989), that parties may choose state arbitration rules through a choice-of-law provision. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, does not preempt state arbitration rules as long as the state rules do not undermine the goals and policies of the FAA. *Id.* There is a strong presumption in Texas public policy favoring arbitration and upholding the parties' intentions, which is similar to the federal policy of ensuring the enforceability, according to their terms, of private agreements to arbitrate. *See Certain Underwriters at Lloyd's of London v. Celebrity, Inc.*, 950 S.W.2d 375, 378 (Tex. App.--Tyler 1996, writ dism'd w.o.j.); *Volt*, 489 U.S. at 476. This court has held that the Texas General Arbitration Act ("TGAA") can govern the scope of an arbitration agreement without undermining the federal policy underlying the FAA. *Ford v. NYLCare Health Plans of the Gulf Coast, Inc.*, 141 F.3d 243, 247-48 (5th Cir. 1998). Because the construction agreement contains a Texas choice-of-law provision, and Texas arbitration rules do not undermine the federal policy of the FAA, we conclude that the TGAA applies to this arbitration agreement.

The Texas General Arbitration Act, in pertinent parts, provides:

> § 171.021. Proceeding to Compel Arbitration
>   (a) A court shall order the parties to arbitrate on application of a party showing:
>     (1) an agreement to arbitrate; and
>     (2) the opposing party's refusal to arbitrate.
>   (b) If a party opposing an application made under Subsection (a) denies the existence of

5

the agreement, the court shall summarily determine that issue. The court shall order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court shall deny the application.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.021 (West Supp. 1999)

§ 171.098. Appeal
(a) A party may appeal a judgment or decree entered under this chapter or an order:
(1) denying an application to compel arbitration made under Section 171.021;

TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West Supp. 1999)

Under Texas law, in order to compel arbitration, a party must establish: (1) the existence of a valid agreement to arbitrate; and (2) that the claims asserted by the party attempting to compel arbitration are within the scope of the arbitration agreement. *Celebrity,* 950 S.W.2d at 377. Texas law also provides that a trial court is to proceed summarily to determine the issue of applicability of an arbitration agreement if a party contests arbitration. *Howell Crude Oil Co. v. Tana Oil & Gas Corp.*, 860 S.W.2d 634, 639 (Tex. App.--Corpus Christi 1993, no writ). "If a party opposing an application [for arbitration] denies the existence of the agreement, the court shall summarily determine that issue." TEX. CIV. PRAC. & REM. CODE ANN. § 171.021. If the facts shown by the affidavits, pleadings, discovery, and stipulations are undisputed, the trial court should hold a summary hearing, rather than a full evidentiary hearing, and apply the terms of the arbitration agreement to the facts. *Howell*, 860 S.W.2d at 639. However, "if the material facts necessary to determine the issue are controverted by an opposing affidavit or otherwise admissible

6

evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Id.* Because Texas courts favor arbitration as a means of settling disputes between parties, the party opposing arbitration bears the burden of proving that no valid arbitration agreement exists as to the dispute. *Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex. App.--El Paso 1995, writ dism'd w.o.j.). The trial court is required to compel arbitration if it finds that a valid agreement to arbitrate exists and that the claims asserted fall within that agreement. *See Phillips v. ACS Mun. Brokers, Inc.*, 888 S.W.2d 872, 875 (Tex. App.--Dallas 1994, no writ); *Prudential Sec., Inc. v. Banales*, 860 S.W.2d 594, 597 (Tex. App.--Corpus Christi 1993, no writ). If the trial court determines that there is no contractual relationship between the parties requiring arbitration of a dispute between them, or that no dispute between them falls within the scope of an arbitration agreement by which they are mutually bound, the court must deny the motion to compel arbitration with prejudice.

In the present case, Lexington has applied to the district court for an order to compel ASW to arbitrate a dispute between them, and ASW, by its actions, has denied the existence of an agreement between ASW and Lexington to arbitrate. Accordingly, under Texas law, the district court is required to summarily decide whether there is a mutually binding contractual obligation to arbitrate the dispute between them. If the court finds that the parties are obliged to arbitrate the dispute, it shall order the arbitration, allowing the arbitrator to decide any other questions

that have been raised by the parties.  If the court decides that the parties are not obliged to arbitrate the dispute, the court shall then deny the application to compel arbitration.

For the forgoing reasons, we VACATE the judgment of the district court and REMAND the case to it for proceedings consistent with this opinion and the Texas General Arbitration Act.


VACATED and REMANDED