### A.S.W. ALLSTATE PAINTING & CONSTRUCTION CO., INC.

v.

### LEXINGTON INSURANCE COMPANY

No. EP–98–CA–086–DB.

United States District Court,
W.D. Texas,
El Paso Division.

May 1, 2000.

Dan Malone, Malone Law Firm, El Paso, TX, for Plaintiff.

Douglas B. Lang, Cozen & O'Connor, Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court reconsidered, upon remand from the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), Defendant Lexington Insurance Company's "Motion to Compel Arbitration, Dismiss Plaintiff's Complaint or in the Alternative to Stay Litigation" ("Motion to Compel Arbitration"),[1] filed on April 27, 1998, in the above-captioned cause. After reconsideration of Defendant's Motion and review of the Parties' post-remand briefs, the Court is of the opinion Defendant's Motion should be denied for the reasons that follow.

### Facts and Procedural History

This dispute stems from a Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, and Chapter 37 of the Civil Practice and Remedies Code of Texas brought by Plaintiff A.S.W. Allstate Painting & Con-

struction Co., Inc. on March 13, 1998, to establish the rights of the Parties according to the provisions of an "Abbreviated Form of Agreement Between Owner and Contractor for Construction Project of Limited Scope Where the Basis of Payment is a Stipulated Sum," dated October 17, 1996 ("Construction Agreement").

TVO Hanover Partners, L.P. ("TVO") is the owner of the Royal Woods Apartments ("RWA") in Kansas City, Missouri. In October 1996, TVO executed with Plaintiff the Construction Agreement to perform renovations and repairs to the RWA.

The Construction Agreement between TVO, Owner, and Plaintiff, Contractor, is a standard form contract "A107–1987" provided by the American Institute of Architects, which contains, among other things, the following provisions set forth in "ARTICLES 7 and 17" thereof:

**Section 7.1** The Contract Documents shall not be construed to create a contractual relationship of any kind (1) between the Architect and Contractor, (2) between the Owner and a Subcontractor or Sub-subcontractor or (3) between any persons or entities other than the Owner and Contractor.

**Section 17.3** Unless otherwise provided, the Owner shall purchase and maintain, in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located, property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall be on an all-risk policy form and shall include interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Work and shall insure against the perils of fire and extended coverage and physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief.

---

1. More accurately, on April 27, 1998, Defendant filed its "Motion to Compel Arbitration, Dismiss Plaintiff's Complaint or in the Alternative to Stay Litigation," and a "Petition to Compel Arbitration."

**Section 17.6** The Owner and Contractor waive all rights against each other and the Architect, Architects's consultants, separate contractors described in Article 12, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to Article 17 or any other property insurance applicable to the Work, except such rights as they may have to the proceeds of such insurance held by the Owner as fiduciary. The Contractor shall require similar waivers in favor of the Owner and the Contractor by Subcontractors and Sub-subcontractors. The Owner shall require similar waivers in favor of the Owner and Contractor by the Architect, Architect's consultants, separate contractors described in Article 12, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them.

Additionally, the Construction Agreement contains an arbitration provision in "ARTICLE 10" thereof as follows:

**Section 10.8** All claims or disputes between the Contractor and the Owner arising out [of] or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rule of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject tò an initial presentation of the claim or dispute to the Architect as required under Paragraph 10.5 .... Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect or any of the Architects's employees or consultants.

Subsequently, consistent with its obligation under Article 17, Section 17.3 of the Construction Agreement, TVO purchased an insurance policy ("Policy") from Defendant. Pursuant to the Policy, TVO and Defendant agreed to, among other things, the following language contained in the "COMMERCIAL PROPERTY CONDITIONS" portion of the Policy:

I. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:

1. *Prior to a loss to your Covered Property or Covered Income.*

2. After a loss to your Covered Property or Covered Income only if, at time of loss, that party is one of the following:

   a. Someone insured by this insurance;

   b. A business firm:

   1) Owned or controlled by you; or

   2) That owns or controls you; or

   c. Your tenant.

*This will not restrict your insurance.*

(Emphasis added).

In May 1997, after Plaintiff began performing the renovations in accordance with the Construction Agreement, a fire broke out at the RWA. As a result of the fire, TVO sustained a loss of approximately $823,000 in damage to the RWA and their

contents. Defendant, as TVO's insurer, paid TVO approximately $647,000 in accordance with the Policy.

Based upon a subsequent investigation by Defendant which Defendant avers establishes the fire was caused by the "wrongful conduct and breaches by [Plaintiff] in connection with work arising out of or related to the ... Construction Agreement," Defendant placed Plaintiff and Plaintiff's liability insurer on notice of a potential claim.

Consequently, on March 13, 1998, Plaintiff brought its aforementioned Complaint for Declaratory relief in this Court asserting complete diversity of citizenship between the Parties as the basis for subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Plaintiff seeks a judgment declaring, among other things, that Defendant is barred from asserting a subrogation claim against Plaintiff, based on the Policy and Article 17, Section 17.6 of the Construction Agreement.

On April 27, 1998, Defendant filed the instant Motion to Compel Arbitration. Plaintiff filed its Response on May 8, 1998.

By Order entered on May 13, 1998, ("May 13 Order") the Court denied Defendant's Motion in all respects, finding that there were questions as to whether Defendant has standing to assert arbitration, whether there is a valid waiver of claims in the Construction Agreement, and whether Defendant has performed its conditions precedent to requesting arbitration.

On May 21, 1998, Defendant filed its Motion for Reconsideration, which the Court subsequently denied by Order entered on June 22, 1998.

On July 1, 1998, Defendant filed its Notice of Appeal of the Court's May 13 Order to the Fifth Circuit.

Subsequently, the Fifth Circuit vacated the Court's May 13 Order and remanded this cause with the following guidance:

[T]he district court is required to summarily decide whether there is a mutually binding contractual obligation to arbitrate the dispute between [the parties]. If the court finds that the parties are obligated to arbitrate the dispute, it shall order the arbitration, allowing the arbitrator to decide any other questions that have been raised by the parties. If the Court decides that the parties are not obliged to arbitrate the dispute, the court shall deny the application to compel arbitration.

*ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 311 (5th Cir.1999).[2]

On December 16, 1999, Plaintiff filed its "Post–Remand Brief to Deny Motion and Petition to Compel Arbitration." Defendant's "Post-remand Brief in Support of its Motion to Compel Arbitration" followed.

### Discussion

■ In general, Texas courts favor arbitration as a means of settling disputes between parties. *See id.* Thus, "the party opposing arbitration bears the burden of proving that no valid arbitration agreement exists as to the dispute." *Id.* at 311 (citing *Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ dism'd w.o.j.)).

In support of its instant Motion, Defendant alleges that, by virtue of its payment to TVO, it "stands in the shoes" of TVO. More specifically, Defendant maintains that it has become both contractually and equitably subrogated to TVO's tort damage claim against Plaintiff and, thus, demands that Plaintiff submit to arbitration of the dispute in accordance with the arbitration provision contained in the Construction Agreement. According to Defendant, because Defendant's rights against Plaintiff "are derivative of [TVO's rights and] there is a 'valid agreement to arbitrate the dispute between the parties,' ...

**2.** Therein, the Fifth Circuit further noted that, because the Construction Agreement contains a general choice-of-law provision contained in the Construction Agreement stating that Texas law applies, "the Texas General Arbitration Act applies to th[e] arbitration agreement." *See id.* at 310.

[Defendant] may enforce all of TVO's ... rights under the Construction Agreement[,] including the arbitration clause."

Plaintiff, by contrast, maintains that no valid agreement to arbitrate exists between it and Defendant. Plaintiff argues that, because TVO, pursuant to Article 17, Section 17.6 of the Construction Agreement, waived its right to damages caused by fire, Defendant has no rights from which to subrogate. Additionally, Plaintiff avers that, because the arbitration clause applies only to TVO and Plaintiff, Defendant's attempt to invoke that clause is contrary to its express terms. Finally, Plaintiff maintains that "the issue raised by Plaintiff's Complaint for Declaratory Judgment is not an arbitratable dispute under [Article 10, Section 10.8] of the Construction Agreement because [Defendant] has no basis for claiming rights of arbitration until it has shown that it truly is a subrogee." The Court agrees with Plaintiff in all respects.

■ "Subrogation is the substitution of one person in the place of another, whether as creditor or as possessor of some lawful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim .... By subrogation, a court of equity, for the purpose of doing exact justice between parties in a given transaction, places one of them, to whom a legal right does not belong, in the position of a party to whom the right does belong." *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 541 (Tex.App.—Corpus Christi 1993, writ denied) (quoting *McBroome–Bennett Plumbing, Inc. v. Villa France, Inc.*, 515 S.W.2d 32, 36 (Tex. Civ.App.—Dallas 1974, writ ref'd n.r.e.)). The right of subrogation may be established by contract—conventional or contractual subrogation—or based upon principles of equity—equitable subrogation. *See Liberty Mut. Ins. Co. v. General Ins. Corp.*, 517 S.W.2d 791, 797 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). "If the subrogor has no rights, then the subrogee can have none." *Fishel's Fine Furniture v. Rice Food Mkt.*, 474 S.W.2d 539, 541 (Tex.

Civ.App.—Houston [14th Dist.] 1971, writ dism'd) (citations omitted). Thus, because an insurer's right of subrogation is derived from the rights of the insured and is limited to those rights, there can be no subrogation where the insured has no cause of action against the defendant. *See id.*

■ Here, the Court need pause only momentarily to conclude that Defendant's subrogation argument is without merit. A review of Section 17.6 of the Construction Agreement demonstrates that TVO and Plaintiff expressly agreed to "waive all rights against each other ... for damages caused by fire or other perils to the extent covered by property insurance," which insurance TVO subsequently obtained from Defendant. Moreover, the "COMMERCIAL PROPERTY CONDITIONS" portion of the Policy reveals that Defendant recognized that TVO, prior to sustaining the loss to the RWA, may have waived TVO's and, thus, Defendant's right to recover damages from a third party, and that such a waiver would "not restrict" TVO's insurance. Thus, despite Defendant's assertion that it is both contractually and equitably subrogated to TVO's rights, no rights exist from which Defendant could subrogate, either contractually or equitably, and Defendant has no basis on which to assert the arbitration rights belonging to TVO. *See, e.g., Williams v. Advanced Tech. Ctr., Inc.*, 537 S.W.2d 531, 533 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.) (acknowledging that where insured settles with or releases a wrongdoer from liability for a loss before payment of loss has been made by the insurance company, the latter's right of subrogation is destroyed); *International Ins. Co. v. Medical–Professional Bldg. of Corpus Christi*, 405 S.W.2d 867, 869 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); *see also Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd.*, 848 S.W.2d 724, 730–31 (Tex.App.—Dallas, 1992, writ denied) (interpreting nearly identical waiver of rights provision contained in a standard American Institute of Architects contract and

concluding that such provision "bars the owner, or its subrogee insurance company, from bringing suit against either general contractors or subcontractors for damages caused by fire or peril"). In other words, there are no "shoes" in which Defendant may stand.

To be sure, the Court's primary responsibility here is "to summarily decide whether there is a *mutually binding* contractual obligation to arbitrate the dispute between [the parties]." *ASW Allstate*, 188 F.3d at 311 (emphasis added). Here, a review of the arbitration provision requires the Court to answer this question in the negative.

According to the terms of the arbitration provision, TVO and Plaintiff agreed that "[a]ll claims or disputes [between themselves] arising out [of] or relating to the Contract, or the breach thereof, shall be decided by arbitration . . . ." Further, TVO and Plaintiff agreed that, in the event they were at some point to arbitrate a dispute, that arbitration could not "include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement," except by written consent of the person or entity sought to be joined. The Court construes this provision to mean that, in the event that TVO and Plaintiff were engaged in an arbitration, the first condition to joining a third party to the dispute would be to obtain the written consent of that third party. This does not mean, however, that if a third party provides its written consent, it could compel TVO or Plaintiff into an arbitration. Thus, as succinctly stated by Plaintiff, because Plaintiff has no right to unilaterally compel a third party to arbitrate, and vice versa, the mutuality of obligation required for an enforceable arbitration agreement does not exist here, and Defendant's Motion should be denied.

Finally, Defendant's Motion assumes that its subrogee status is an arbitrable issue. As previously indicated, this dispute stems from Plaintiff's Complaint which seeks a judgment declaring that Defendant is barred from asserting a subro-

gation claim against Plaintiff based on the Policy and Article 17, Section 17.6 of the Construction Agreement. Because this is the same issue upon which Defendant relies in its attempt to compel arbitration here, Defendant's subrogee status, a matter which is not covered by the arbitration provision, must be determined before it can be said that Defendant is entitled to arbitrate anything with Plaintiff. *ASW Allstate*, 188 F.3d at 311 ("The trial court is required to compel arbitration if it finds that a valid agreement to arbitrate exists *and that the claims asserted fall within that agreement*.") (emphasis added).

Accordingly, **IT IS HEREBY ORDERED** that Defendant Lexington Insurance Company, Inc.'s "Motion to Compel Arbitration, Dismiss Plaintiff's Complaint or in the Alternative to Stay Litigation" is **DENIED**.