**WALZEM DEVELOPMENT COMPANY, INC., Appellant,**

v.

**Mrs. Annie GERFERS et al., Appellees.**

No. 15067.

Court of Civil Appeals of Texas, San Antonio.

Sept. 27, 1972.

Rehearing Denied Nov. 22, 1972.

Johnson & Christopher, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellees.

KLINGEMAN, Justice.

Walzem Development Company, Inc., hereinafter called plaintiff, brought this suit against Mrs. Annie Gerfers, Meta Gerfers Grundmeyer, Adela Gerfers Miller, and Constance Ann Breit Lopez, hereinafter called defendants, for specific performance of a contract of sale to a tract of 129.636 acres located in the northwestern part of Bexar County. Both sides filed motions for summary judgment. Plaintiff appeals from an order overruling plaintiff's motion for summary judgment, granting defendants' motion for summary judgment, and decreeing that plaintiff take nothing by its suit.

The tract of land here involved is a part of the community estate of Joe Gerfers and wife, Annie Gerfers. Joe Gerfers died in 1941, intestate, leaving surviving him his wife, Annie Gerfers, and three daughters, Adela Gerfers Miller, Meta Gerfers Grundmeyer, and Nelda Gerfers Breit. No administration was ever taken out on the estate of Joe Gerfers, and there is no legal representative of such estate. Nelda Gerfers Breit thereafter died intestate, leaving surviving her a husband, Robert J. Breit, and one daughter, Constance Breit Lopez. The property is now owned as follows: Annie Gerfers, one half; Adela Gerfers Miller, one sixth; Meta Gerfers Grundmeyer, one sixth; Constance Breit Lopez, one sixth, subject to a one-third life estate in favor of Robert J. Breit. It is undisputed that the property is subject to the homestead rights of Annie Gerfers.

On the trial plaintiff sought specific performance of the entire contract, and such suit was tried on this basis in the trial court. On this appeal plaintiff has abandoned its cause of action against Annie Gerfers, and now seeks partial specific performance against Adela Gerfers Miller, Meta Gerfers Grundmeyer and Nelda Gerfers Breit, and asks this Court to enter a decree requiring these defendants to convey their undivided interests in the subject property with a proportionate abatement of the total purchase price.

Annie Gerfers was over ninety years of age at the time of the execution of the contract of sale here involved, and plaintiff concedes that the summary judgment proof establishes that Annie Gerfers was incompetent at the time of the execution of the contract here involved. Plaintiff also concedes that Robert J. Breit, who did not sign the contract, and who was not a party defendant in the trial court, is the owner of a one-third life estate in one-sixth interest owned by his daughter, Constance Breit Lopez.

The contract here involved purports to be a contract between Mrs. Annie Gerfers and the estate of Joe Gerfers, deceased, as sellers, and James Francis, or assigns, as buyer. It is signed:

| "Mrs. Annie Gerfers | James W. Francis |
|---|---|
| Mrs. Annie Gerfers, by and through her Atty. in Fact, Meta Gerfers Grundmeyer | James W. Francis, or assigns |
| Estate of Joe Gerfers, Dec. | |
| By: Meta Gerfers Grundmeyer | |
| Meta Gerfers Grundmeyer, Individually. | |
| By: Adela Gerfers Miller | |
| Adela Gerfers Miller, a Widow. | |
| By: Constance Ann Breit Lopez | |
| Constance Ann Breit Lopez." | |

James W. Francis is also the real estate agent designated by the contract. The contract is on a printed form with a num-

ber of typewritten insertions and interlineations thereto.

The portions of the contract particularly here involved are as follows:

"THIS IS A CONTRACT whereby MRS. ANNIE GERFERS, and the ESTATE OF JOE GERFERS, DEC., herein called Seller, agrees to sell to JAMES W. FRANCIS, or assigns, herein called Buyer . . . .

"The total sales price is $1,700.00 per acre, total purchase price to be determined by survey to be furnished by Seller, payable as follows: 10% cash of which Buyer agrees to forthwith deposit with Security Title Company, Escrow Agent, the sum of $5,000.00 as Earnest Money, to bind this sale, plus an additional 5% commission to the real estate agent, which latter sum shall also form a part of the down payment, and the balance to be evidenced by a real estate lien note bearing interest at the rate of 6% per annum, and payable as follows: In annual installments of interest only for the first two years; the first of said interest payments being due on the first anniversary date of the note and the second installment of interest being due on the second anniversary date thereof; and thereafter said note shall be payable in annual installments of $17,000.00, or more, each, including interest, commencing on or before the third anniversary date of the note and on or before each succeeding anniversary date of the note, provided, however, that any amount of principal remaining unpaid, if any, together with interest thereon on the 12th anniversary date, shall then be due and payable. . . .

"James W. Francis, as Real Estate Agent, has negotiated this sale and Buyer agrees to pay such agent a 5% commission which shall form a part of the down payment."

Although plaintiff brings forth fifteen points of error, it acknowledges in its brief that since it does not know the grounds relied upon by the trial court in reaching its decision, its points of error are based upon the alleged defenses raised by the defendants in the trial court with regard to the validity and enforceability of the contract here involved. Under such circumstances, we think the case can be more logically discussed under the reply points asserted by defendants. They contend that the judgment of the trial court should be affirmed because: (1) the instrument sued upon is as a matter of law ambiguous and uncertain because it contains a conflict as to who is to pay the real estate commission, the buyer or the seller, and that this patent ambiguity renders it unenforceable; (2) defendants are entitled to a judgment as a matter of law because it is not possible for plaintiff to comply with its contractual obligation to give a deed of trust to the entire premises; (3) defendants are entitled to a judgment as a matter of law because there is no one competent to contract for the estate of Joe Gerfers, deceased, a necessary party to the contract, or for Mrs. Annie Gerfers, an incompetent; (4) defendants are entitled to a judgment as a matter of law because the contract does not have the certainty required for specific performance; and (5) the doctrine of partial specific performance is not applicable to the case at bar.

The doctrine of partial specific performance of a contract in a proper case is well recognized in the state of Texas. English v. Jones, 154 Tex. 132, 274 S.W.2d 666 (1955); Villarreal v. De Montalvo, 231 S.W.2d 964 (Tex.Civ.App.—San Antonio 1950, no writ); Dittoe v. Jones, 220 S.W.2d 315 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.); Ward v. Walker, 159 S.W. 320 (Tex.Civ.App.—Galveston 1913, writ ref'd). Defendants assert, however, that the contract here involved is not subject to specific performance because: (a) it is vague, ambiguous, indefinite and uncertain; (b) the property involved is a homestead; (c) the contract involved is entire rather than divisible in nature; (d) the contract is not a valid enforceable contract; and

(e) it is not possible for plaintiff to comply with its contractual obligation to give a deed of trust to the entire premises.

■ A decree for specific performance of a contract is not a matter of absolute right but rests in the sound discretion of the trial court, and its action will not be disturbed unless an abuse of discretion is shown. Bourland v. Huffhines, 269 S.W. 184 [Tex.Civ.App.—Amarillo 1925, opinion adopted 280 S.W. 561 (Tex.Com.App. 1926)]; Bergstedt v. Bender, 222 S.W. 547 (Tex.Com.App.1920, jdgmt. adopted); Nash v. Conatser, 410 S.W.2d 512 (Tex.Civ. App.—Dallas 1966, no writ); English v. Underwood, 5 S.W.2d 1033 (Tex.Civ.App. —El Paso 1928, writ dism'd); Fabra v. Fabra, 221 S.W. 1008 (Tex.Civ.App.—San Antonio 1920, writ ref'd); 52 Tex.Jur.2d Specific Performance § 21 (1964).

■ A contract, in order to be specifically enforceable, must be complete in its essential and material terms, parts and elements; it must be capable of being performed without adding to its terms. 81 C.J.S. Specific Performance § 35 (1953). Specific performance will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions of performance. Nash v. Conatser, supra.

■ In the absence of equities removing the case from the operation of the statute of frauds, it is well settled that before a court will decree specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of the contract, expressed with such certainty and clarity that it may be understood without resort to parol evidence to show the intention of the parties. Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962); Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945). It is essential to the validity of the contract that it be sufficiently certain to define the nature and extent of its obligations. If an agreement is so indefinite as to make it impossible for a court to fix the legal liability of the parties thereto, it cannot constitute an enforceable contract. Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940 (1944); O'Neil v. Powell, 470 S.W.2d 775 (Tex. Civ.App.—Fort Worth 1971, writ ref'd n. r. e.).

In support of their contention that the contract involved is too uncertain, ambiguous and indefinite to be specifically enforceable, defendants assert: (a) the contract is conflicting, ambiguous, and confusing as to who is to pay the real estate commission—the buyer or the seller; (b) the contract is vague, unclear, and ambiguous as to who the parties to the contract are; (c) the contract does not contain the essential term of the contract as it does not provide when the first principal payment under the deferred note is payable.

With regard to the real estate commission, the contract is on a printed form. Such form as printed has the usual provision that the seller is to pay the commission, but in the contract here involved, the word "Seller" has been stricken out and the word "Buyer" inserted in typewriting, so that such real estate commission provision now reads: "James W. Francis, as Real Estate Agent, has negotiated this sale and Buyer ~~Seller~~ agrees to pay such agent a 5% commission which shall also form a part of the down payment." The words "James W. Francis," "Buyer," and "which shall also form a part of the down payment" are typewritten.

The other pertinent part of the contract with regard to the consideration and real estate commission provision reads as follows: "The total sales price is $1,700.00 per acre, total purchase price to be determined by survey to be furnished by Seller, payable as follows: 10% cash of which Buyer agrees to forthwith deposit with Security Title Company, Escrow Agent, the sum of $5,000.00 as Earnest Money, to bind

this sale, plus an additional 5% commission to the real estate agent, which latter sum shall also form a part of the down payment, and the balance to be evidenced by a real estate lien note. . . ." This provision consists of a mixture of printed matter and typewritten matter.

■ The provision as to who shall pay the real estate commission is a material and essential portion of the contract as it directly affects the actual consideration that sellers are to receive for the property. Under one construction, sellers will receive $11,019.06 less than under another, and this construction is adopted by the plaintiff, not only in its brief, but also in the tender which was made in connection with the contract, to-wit:

```
"129.636 acres @ $1,700.00 per acre – $220,381.20
Amount of actual note tendered (Tr. 80)   187,324.02
                                         $ 33,057.18
10%  cash down payment                   $ 22,038.10
 5%  commission                            11,019.06"
```

Defendants, on the other hand, contend that this construction shortchanges them to the extent of $11,019.06; that although the contract says the buyer shall pay the real estate commission, in actuality the sellers are paying it; that although $11,019.06 forms part of the down payment, it does not go to the sellers, but rather to the real estate agent; that the contract is conflicting in that the printed matter gives, and the typewritten portion takes away; and that this conflict, ambiguity and indefiniteness as to the payment of the real estate commission is fatal and renders the contract not specifically performable. While plaintiff asserts that under a logical construction of the entire contract, the sellers, not the buyer, are to pay the commission, it is difficult to see·why the word "Seller" was stricken from the real estate commission provision, and the word "Buyer" inserted in lieu thereof. If this was the intention of the parties, a clearer, more logical method would have been to provide for a down payment of 15% cash, and that the sellers pay the commission.

■ Defendants further assert that the contract is uncertain and indefinite as to who the parties to the contract are. The contract purports to be a contract between Mrs. Annie Gerfers and the estate of Joe Gerfers, deceased, as sellers, and James W. Francis, or assigns, as buyer. Tex. Prob.Code Ann. § 3, subdivision (l), V.A. T.S., defines the word "estate" as the real or personal property of a decedent or ward. Such code, § 3, subdivision (o), defines "heirs" as those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a decedent who dies intestate. Such terms are not synonymous. An estate is not a legal entity, and it can not sue or be used as such. Camellia Diced Cream Co. v. Chance, 339 S.W.2d 558, 561 (Tex. Civ.App.—Houston 1960, no writ); Neblett v. Butler, 162 S.W.2d 458 (Tex.Civ. App.—Galveston 1942, writ ref'd w. o. m.).

Plaintiff asserts that the words "Estate of Joe Gerfers, Dec." as used in the contract mean "the owners of the estate of Joe Gerfers, deceased." The Supreme Court in Morrison v. Hazzard, 99 Tex. 583, 92 S.W. 33, 35 (1906), had before it a suit for specific performance of a contract purportedly made by an agent of the estate of F. Lawrence. The Court, in holding that such contract was not specifically performable, stated: "It is alleged in the petition that the parties understood the word, 'estate,' in the contract, to mean the heirs of Archilus, Franklin and Hannah Lawrence, deceased, but there is no allegation that there was any mistake in preparing the contract, or in the language used therein. Parol evidence is not admissible to show that [the] parties to a contract used language in a sense different from its ordinary meaning, for that would effectually vary the terms of the contract."

If we assume that the term "Estate of Joe Gerfers, Dec." means the heirs of Joe Gerfers, or the owners of the estate of Joe Gerfers, it is still subject to several constructions. Does it mean all the heirs of Joe Gerfers, all the owners of the estate of

Joe Gerfers, only those who signed the contract, or just what? Plaintiff asserts that it should be construed as meaning only those who signed the contract. If this was the intent, there was no need to use the term "Estate of Joe Gerfers, Dec.", but simply list the sellers as the individuals who signed the contract.

In our opinion the contract here involved is too vague, indefinite and uncertain to be specifically enforceable. Some of the essential terms of the contract are conflicting and ambiguous, and are not expressed with such certainty and clarity that the contract may be understood without recourse to parol evidence to show the intention of the parties. The contract is contradictory on its face in some material respects, and some of the essential terms are subject to conjecture and speculation.

Under the record, defendants' motion for summary judgment was properly granted. The judgment of the trial court is affirmed.