NUMBER 13-09-00426-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


VERONICA ELLIS AND PACESETTER BUILDERS,

INC. D/B/A COLDWELL BANKER PACESETTER

STEEL REALTORS, Appellants,


v.
 


DR. RON SCHLIMMER AND TANA SCHLIMMER, Appellees.

 


On appeal from the County Court at Law No. 4


 of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justice Yañez and Justices Benavides and Wittig


Memorandum Opinion by Justice Wittig (1)



 Some ten months after litigation was initiated, appellants, Veronica Ellis and
Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors, filed a motion
to abate and compel arbitration. Appellees, Ron and Tana Schlimmer, in their initial
response to the motion, claimed waiver and estoppel and argued that the language of the
agreement did not include the dispute between the parties. The trial court denied the
appellants' motion. This interlocutory appeal ensued. We dismiss the appeal for want of
jurisdiction. 

 I. Jurisdiction

 In appellants' statement of jurisdiction, they indicate that the trial court did not
determine whether the Texas General Arbitration Act or the Federal Arbitration Act applied
to the instant dispute. See Tex. Civ. Prac. & Rem. Code Ann. § 171.001-.098 (Vernon
2006) ("TAA"); 9 U.S.C. § 2 ("FAA"). It is little wonder because appellants submitted no
affidavits, no sworn testimony, or any other competent proof at the hearing on their motion
for abatement and to compel arbitration. Appellants' motion for arbitration did not invoke
either the TAA or the FAA. The brief record of the hearing does suggest that the trial court
considered a copy of the real estate contract between appellants and appellees, although
the operative document was not marked or introduced into evidence at the hearing. The
contract included a one-page special provision which, in turn, included the arbitration
clause providing: 

 SHOULD THERE BE ANY DISAGREEMENT BETWEEN SELLER AND
BUYER THAT CAN NOT BE RESOLVED THROUGH MEDIATION, BOTH
BUYER AND SELLER AGREE TO SUBMIT THIS DISAGREEMENT TO
BINDING ARBITRATION WITH A MUTUALLY AGREEABLE ARBITRATOR.


Our only source of this document is the appendix to appellants' brief. (2) The trial court was
submitted no proof, in writing or otherwise, pertaining to "Pacesetter Builders, Inc. d/b/a
Coldwell Banker Pacesetter Steel Realtors," although a non-specific "Coldwell Banker" is
mentioned as a listing broker. The earnest money contract specifically provided that all
obligations of the parties for payment of brokers' fees are contained in a separate
agreement, likewise not a part of the record. Counsel for appellants admitted at the
hearing that the operative mediation requirement of the arbitration clause had not been
met.

 Appellants contend, in their statement of jurisdiction, that the method of appellate
review depends on whether the dispute is governed by the TAA or the FAA. We agree. 
Appellants state: "No evidence was presented in either the motion, the response, or the
hearing to suggest that interstate commerce was implicated regarding the arbitration
agreement in dispute. Accordingly, the TAA applies to this matter." We do not agree
because there was no evidence suggesting the FAA did not apply; neither was any proof
presented in the motion, the response, or the hearing, indicating that the TAA applied. The
record is silent on the issue. Further, appellants did not plead any reliance upon the TAA.

 The trial court's order denying arbitration was interlocutory. Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly
provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352-53 (Tex. 1998) (citing
Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992)). Although the TAA
allows an interlocutory appeal from the denial of a motion to compel arbitration, the
supreme court held in Jack B. Anglin Co. that an interlocutory appeal is not available under
the TAA when a trial court denies a motion to compel arbitration made under the FAA,
even though the FAA itself permits a party to take an interlocutory appeal. See Jack B.
Anglin Co., 842 S. W. 2d at 272. Texas law provides for interlocutory appeal of an order
denying an application to compel arbitration only when it is made under section 171.021
of the TAA. See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon 2006); In re
J. D. Edwards World Solutions Co., 87 S.W.3d 546, 551 (Tex. 2002). Appellants' motion
to compel arbitration did not invoke section 171.021 or any other provision of the TAA. 
See id. 

 When a request to arbitrate or a motion to stay the proceedings under the FAA is
denied, the appellate remedy is through mandamus. See In re Am. Homestar of
Lancaster, Inc., 50 S.W.3d 480, 483 (Tex. 2001); EZ Pawn Corp. v. Mancias, 934 S.W.2d
87, 91 (Tex. 1996); Jack B. Anglin Co., 842 S.W.2d at 272.

 Ordinarily, an appeal may be prosecuted only from a final judgment, and in order
to be final, the judgment must dispose of all parties and all issues pending before the court.
Schlipf v. Exxon Corp., 644 S.W.2d 453, 454 (Tex.1982) (per curiam); N. East Indep. Sch.
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.1966); NCR Corp. v. Mr. Penguin Tuxedo
Rental & Sales, Inc., 663 S.W.2d 107, 107-08 (Tex. App.-Eastland 1983, writ ref'd n.r.e.);
Cessna Aircraft Co. v. Hotton Aviation Co., Inc., 620 S.W.2d 231,233 (Tex. Civ.
App.-Eastland 1981, writ ref'd n.r.e.); Citizens Nat'l Bank of Beaumont v. Callaway, 597
S.W.2d 465, 466 (Tex. Civ. App.-Beaumont 1980, writ ref'd n.r.e.). Without dispute, the
order denying arbitration was not a final judgment.

 The Dallas Court of Appeals considered a scenario where the only motion before
the trial judge was Olshan's plea in abatement, where it sought the application of the FAA. 
In re Olshan Found. Repair Co., L.L.C., 277 S.W.3d 124, 129 (Tex. App.-Dallas 2009, orig.
proceeding). The record did not show the filing of a motion or application to compel
arbitration pursuant to the TAA. See Tex. Civ. Prac. & Rem. Code Ann. § 171.098. 
However, the trial judge's order expressly denied Olshan's request for arbitration under the
FAA. Id. As a result, the appropriate remedy for review by Olshan was to file a petition
for a writ of mandamus and not an interlocutory appeal. Id. Unless the contract at issue
specifically excludes the application of the FAA, the FAA may apply, even if the TAA also
applies. In re Olshan Foundation Repair Co., 277 S.W.3d at 127, 132.

 The United States Supreme Court held in Allied-Bruce that the provision of the
Federal Arbitration Act that "makes enforceable a written arbitration provision in 'a contract
evidencing a transaction involving commerce'" extends to any contract affecting commerce,
as far as the Commerce Clause of the United States Constitution will reach. Allied-Bruce
Terminix Cos. v. Dobson, 513 U.S. 265, 274-75 (U.S. 1995); see also L & L Kempwood
Assocs., L.P. v. Omega Builders, Inc., 9 S.W.3d 125, 127 (Tex. 1999). (3) The Federal
Arbitration Act, section 2, provides that a "written provision in any maritime transaction or
a contract evidencing a transaction involving commerce to settle by arbitration a
controversy thereafter arising out of such contract or transaction . . . shall be valid,
irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the
revocation of any contract." See 9 U.S.C. § 2. 

 We need not decide whether the FAA governs the parties' arbitration agreement.
Under the TAA, a party is entitled to an interlocutory appeal from an order denying an
application to compel arbitration only if it is "made under Section 171.021 [of the TAA] . .
. ." In re J. D. Edwards World Solutions Co., 87 S.W.3d at 551 (citing Tex. Civ. Prac. &
Rem. Code Ann. § 171.021(a)(1)).

 Section 171.098 provides in pertinent part:

 (a) A party may appeal a judgment or decree entered under this chapter or an
order:

 

 (1) denying an application to compel arbitration made under Section
171.021;


 (2) granting an application to stay arbitration made under Section
171.023.


Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2). No motion to compel arbitration
under section 171.021 was filed in this case.

 As we noted above, unless the contract specifically excludes the application of the
FAA, the FAA may apply, even if the TAA also applies. In re Olshan Foundation Repair
Co., 277 S.W.3d at 127. A contract that specifically invokes the TAA is deemed to exclude
the FAA. Id. We also note that under the equal inference rule, "When the circumstances
are equally consistent with either of two facts, neither fact may be inferred." City of Keller
v. Wilson, 168 S.W.3d 802, 813 (Tex. 2005). The Texas Supreme Court has also held that
the mere fact that a contract affects interstate commerce, thus triggering the FAA, does
not necessarily preclude enforcement under the TAA as well. See Am. Std. v. Brownsville
Indep. Sch. Dist. (In re D. Wilson Constr. Co.), 196 S.W.3d 774, 780 (Tex. 2006). Here,
neither the contract at issue, nor the motion to compel arbitration, satisfy minimal
jurisdictional facts or pleadings to apply either the FAA or the TAA.

 The Texas Supreme Court also discussed the factors that determine whether the
FAA preempts the TAA: (1) the agreement is in writing; (2) it involves interstate commerce; 
(3) it can withstand scrutiny under traditional contract defenses; and (4) state law affects
the enforceability of the agreement. In re Nexion Health at Humble, Inc., 173 S.W.3d 67,
69 (Tex. 2005) (citing 9 U.S.C. § 2). However, in this case, the lack of an adequate record
does not allow us to answer three of the four factors. We recognize that the trial court
proceedings call for determination by a summary proceeding, with the burden on the
moving party to show a valid agreement to arbitrate. In re Weekley Homes, L.P., 180
S.W.3d 127, 130 (Tex. 2005). Even in a summary proceeding, it would seem that in order
to demonstrate a valid and enforceable agreement subject to interlocutory appeal, minimal
jurisdictional facts and averments are necessary. See In re J. D. Edwards World Solutions
Co., 87 S. W. 3d at 551 ("Under the TAA, a party is entitled to an interlocutory appeal from
an order denying an application to compel arbitration only if it is "made under Section
171.021 [of the TAA] . . . .") (emphasis in original); see also ODL Servs. v. ConocoPhillips
Co., 264 S.W.3d 399, 411 (Tex. App.-Houston [1st Dist.] 2008, no pet.) (stating that under
the plain language of section 171.098(a)(1), if the application to compel arbitration is not
"made under [TAA] Section 171.021," then no interlocutory appeal lies from a ruling
denying that motion; ODL's motion was not made under TAA section 171.021; therefore
the trial court's order denying that motion could not have been one "denying an application
to compel arbitration made under Section 171.021 [of the TAA].")

 We must address our jurisdiction on our own motion when necessary. Bison
Building Materials, Ltd. v. Aldridge, 263 S.W.3d 69, 72 (Tex. App.-Houston [1st Dist.]
2006, pet. granted). If we conclude we have no jurisdiction, we must dismiss the appeal.
Id. Because statutes allowing interlocutory appeals derogate the general rule that only
final judgments are appealable, we must strictly construe such statutes. Id. (citing Stary, 
967 S.W.2d at 352-53; Am. Online Inc. v. Williams, 958 S.W.2d 268, 271 (Tex.
App.-Houston [14th Dist.] 1992, no pet.) ("Texas courts strictly construe statutes
authorizing interlocutory appeals.")) see also Tober v. Turner of Tex., Inc., 668 S.W.2d
831, 835 (Tex. App.-Austin 1984, no writ).

 We have jurisdiction to review interlocutory orders only if a statute explicitly
provides. Bison, 263 S.W.3d at 73. The court of appeals' assumption of appellate
jurisdiction over an interlocutory order when not expressly authorized to do so by statute
is jurisdictional fundamental error. New York Underwriters Ins. Co. v. Sanchez, 799
S.W.2d 677, 679 (Tex. 1990) (citing Long v. Humble Oil & Refining Co., 380 S.W.2d 554
(Tex. 1964); McCauley v. Consolidated Underwriters, 304 S.W.2d 265 (1957)).

II. Conclusion


 Because the record does not affirmatively demonstrate our statutory jurisdiction
under section 171.021 of the TAA, or otherwise, we dismiss the appeal for want of
jurisdiction. 

 

 DON WITTIG 

 Justice



Delivered and filed the

28th day of January, 2010.
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp. 2005).
2. With limited exceptions, an appellate court may not consider matters outside the appellate record.
Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292 (Tex. App.-Houston [14th Dist.] 2002, no pet.); Sabine Offshore
Svc., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (finding that appellate court
cannot consider matters outside record for any purpose other than determining its own jurisdiction). 
3. The contract in Allied-Bruce evidenced a transaction affecting interstate commerce in part because
the parties resided in different states. See L & L Kempwood Assocs., L.P. v. Omega Builders, Inc., 9 S.W.3d
125, 127. The parties to the contract in Kempwood also resided in different states -- Georgia and Texas --
and the renovation work on Houston apartments was to be done by a Texas business for Georgia owners. 
See id. No such clarity is provided in the meager record before us. While appellees' petition alleges domiciles
in Texas, these allegations were denied by appellants' original answer.