

NUMBER 13-09-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

VERONICA ELLIS AND PACESETTER BUILDERS,
INC. D/B/A COLDWELL BANKER PACESETTER
STEEL REALTORS,                                      **Appellants,**

**v.**

DR. RON SCHLIMMER AND TANA SCHLIMMER,          **Appellees.**

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Benavides and Wittig**
**Memorandum Opinion on Remand by Justice Wittig[1]**

---

[1] The Honorable Linda Reyna Yañez, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2010, and she was replaced on panel by Chief Justice Rogelio Valdez in accordance with the appellate rules. *See* TEX. R. APP. P. 41.1(a). Retired Justice Don Wittig was assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (West 2005).

Some ten months after litigation was initiated, appellants, Veronica Ellis and Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors, filed a motion to abate and compel arbitration. Appellees, Ron and Tana Schlimmer, in their initial response to the motion, claimed waiver and estoppel and argued that the language of the agreement did not include the dispute between the parties. The trial court denied the appellants' motion. This interlocutory appeal ensued. We reverse and remand.

## I. JURISDICTION

The trial court apparently did not determine whether the Texas Arbitration Act or the Federal Arbitration Act applied to this proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001-.098 (West 2006) ("TAA"); 9 U.S.C. § 2 ("FAA"). We previously held that because appellants did not plead or invoke the TAA, we had no jurisdiction on this interlocutory appeal; however, the supreme court determined that because appellants argued the TAA to the trial court, and appellees had the burden to show that some Texas state law or statutory requirement would prevent enforcement of the arbitration agreement under the TAA, jurisdiction attached. *Ellis v. Schlimmer*, 338 S.W.3d 12, 17 (Tex. App.—Corpus Christi 2010), *rev'd*, 337 S.W.3d 860, 862 (Tex. 2011) (per curiam). Thus, we now address the merits of appellants' complaints.

## II. ARBITRATION AGREEMENT

The detailed background of this case has previously been reported in the two cases cited above. Appellants maintain that, given the parties' agreement to arbitrate any disagreement between the parties, the trial court had no discretion to deny their motion to compel arbitration. The agreement provided:

> SHOULD THERE BE ANY DISAGREEMENT BETWEEN SELLER AND BUYER
> THAT CAN NOT BE RESOLVED THROUGH MEDIATION, BOTH BUYER AND

2

SELLER AGREE TO SUBMIT THIS DISAGREEMENT TO BINDING ARBITRATION WITH A MUTUALLY AGREEABLE ARBITRATOR.

When we review an order denying arbitration under the TAA, we apply a no-evidence standard to any factual determinations, and a de novo standard to legal determinations. *In re Trammell*, 246 S.W.3d. 815, 829 (Tex. App.—Dallas 2008, orig. proceeding). We will sustain a no-evidence issue if: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the proof of a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). When determining whether to compel arbitration, the trial court must determine: (1) was there a valid, enforceable arbitration agreement; and (2) whether the claims asserted fall within the scope of the agreement. *Howell Crude Oil Co. v. Tana Oil & Gas Corp.*, 860 S.W.2d. 634, 636 (Tex. App.—Corpus Christi 1993, no writ).

Appellees argued to the trial court that the arbitration contract language did not include the dispute at issue, but they presented no evidence to allow the trial court to reach such a conclusion.[2] On appeal, appellees argue that the arbitration clause is overly broad and not specific as to what it applies. They argue that a contractual clause is ambiguous if its meaning is uncertain and doubtful or is susceptible to more than one meaning, citing *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983). Furthermore, appellees contend that the contract must be complete in its essential and material terms and capable of performance without adding to its terms, citing *Walzem Dev. Co. v. Gerfers*, 487 S.W.2d 219, 222 (Tex. App.—San Antonio 1972, writ ref'd n.r.e.). Furthermore, because the arbitration clause contained a mediation clause before arbitration, somehow it is ambiguous. We disagree.

---

[2] The trial court's denial of the motion to compel arbitration seems to be based on waiver, given his citation to authorities concerning this doctrine.

Appellees argue that the arbitration clause is not clear as to whether it applies to the agreement between the buyer and seller or to the broker fee. They say that because the arbitration provision is placed after page 8 containing the brokerage fee arrangement, it is unclear as to its application. We do not agree. Paragraph 11, "Special Provisions" of the standard family residential real estate contract, is one of twenty-one named provisions. It follows paragraph 10 which discusses possession. Paragraph 11 clearly incorporates the "SPECIAL PROVISONS attached" containing the arbitration provision. The paragraph 11 special provision attached addendum also discusses (1) a contingent sale of the appellees' property, (2) documentation of warranties, and (3) seller (appellants) presenting marketing materials. As noted, it also contains the arbitration clause quoted above. The arbitration clause is straightforward and clearly applies to "any disagreement" between the parties. Appellees supply no proof that the clause is limited to the brokerage fee.

While appellees maintain that mediation is required by the contract, they apparently did not seek mediation before filing suit or in contesting the arbitration clause. The standard form residential real estate contract signed by the parties provides for mediation in paragraph 16. Likewise, the arbitration clause requires mediation. The record discloses no effort by either party to seek mediation. However, paragraph 16 also provides: "This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction." Appellees cite no authority that the mediation clause somehow makes the contract language ambiguous or unclear. See TEX. R. APP. P. 38.1(i); 38.2(a)(1). In appellees' written response to appellants' motion to compel arbitration, they did not contend that mediation was a condition precedent, nor did they contend as they do on appeal that the clause somehow made the

4

agreement ambiguous.[3]   Appellees fail to carry their burden to overcome the presumption favoring the arbitration agreement.  *See J.M. Davidson, Inc. v. Webster*, 128 S.W. 3d 223, 227 (Tex. 2003).

Appellees also state that the provision is overly broad.  They argue it "does not say it applies to Ellis's contract with the Schlimmers."  Yet, we noted above, the provision was clearly incorporated into the special provision section of the real estate contract and manifestly applies to "any disagreement between seller and buyer."  Once a valid agreement to arbitrate has been established, a presumption exists favoring agreements to arbitrate, and we must resolve all doubts about the scope of the arbitration in favor of arbitration*.  In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding).  Further, once it is determined that a valid arbitration agreement exits, the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration.  TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(a) (West 2006); *Webster*, 128 S.W. 3d at 227.  We hold that the agreement is not ambiguous and that the dispute is within the scope of the agreement.

### III. WAIVER

Appellees argued both to the trial court and on appeal that appellants waived the arbitration provision.  They urge that there was a waiver because appellants waited until five months before trial to demand arbitration, discovery had taken place, experts were retained, and an alleged $11,000 had been spent in litigation expenses.[4]  Appellees cite *In re Certain Underwriters at Lloyd's*, 18 S.W.3d 867, 872 (Tex. App.—Beaumont 2000 orig. proceeding)

---

[3] At the hearing on the motion to abate and compel arbitration, counsel for appellant Ellis indicated "there's not going to be any problem in us going to mediation."  Indeed, the trial court could have granted the requested abatement and ordered mediation under either or both of the mediation clauses found in the contract.

[4] Appellants complain that appellees provided no evidence of litigation expenditures.  Appellees counter that their pleadings included the sum of expenses.  Because of the relatively small amount of discovery and the reasonable nature of the expenses, we will accept as true, arguendo, appellees' expense allegations.

5

(holding that there is no set rule as to what constitutes waiver of an arbitration agreement; rather, waiver depends on the facts of each case). Waiver may be express or implied, but it must be intentional. *Southwind Group v. Landwehr*, 188 S.W. 3d 730, 735 (Tex. App.— Eastland 2006, no pet.). Waiver may be found only when (1) the party seeking arbitration has substantially invoked the judicial process and (2) the party opposing suffered actual prejudice as a result. *Id.* A "heavy burden of proof" is required to establish waiver of arbitration rights, and the court must resolve all doubt in favor of arbitration. *In re Certain Underwriters at Lloyd's*, 18 S.W.3d at 872.

Both sides cite *Perry Homes v. Cull*, 258 S.W.3d 580, 591–592 (Tex. 2008). In that case the supreme court reviewed federal standards and held that waiver must be decided on a case-by-case basis, and that courts should look to the totality of the circumstances. *Id.* at 591. Like the federal courts, state courts have considered factors such as: (1) when the movant knew of the arbitration clause; (2) how much discovery had been conducted; (3) who initiated the discovery; (4) whether it related to the merits rather than arbitrability or standing; (5) how much of it would be useful in arbitration; and (6) whether the movant sought judgment on the merits. *Id.* at 592.

While appellees contend that, as real estate professionals, appellants should have known of the arbitration clause, counsel for appellants indicated they did not know of the clause until shortly before filing their motion to compel arbitration. Regarding discovery, Ellis had propounded one set of discovery, (production requests, interrogatories and disclosure requests) but Pacesetter had not sent any discovery. Depositions had been noticed by both sides but no depositions had been accomplished. All parties participated in a docket control conference. Appellees, plaintiffs below, retained expert witnesses.

The modicum of discovery accomplished related to the merits of the case and could therefore be useful in arbitration. The parties' efforts in requesting and obtaining the limited discovery here is not prejudicial. *See In re Harthorne*, 282 S.W.3d 131, 142 (Tex. App.—Dallas 2009, orig. proceeding). While appellees assert that appellants sought affirmative relief, the only relief sought was the original motion to compel arbitration, based upon Ellis's contract with the builder, and the present matter seeking to compel arbitration with appellees. Appellants sought no other affirmative relief against appellees, and filed no dispositive motions or other actions to dismiss appellees claims.

Appellees also argue waiver because Pacesetter filed its answer on September 22, 2008, and Ellis filed her answer on September 28, 2008, then they waited until June 15, 2009 before they sought to compel arbitration. Appellants argue that under *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (applying the FAA), implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right. This principle is cited with approval in *Perry Homes*, 258 S.W. 3d at 591, n. 59. In similar cases, no waiver was found when the demand for arbitration was as late as two years. *See In re Vesta Ins. Group, Inc.*, 192 S.W.2d 759, 763 (Tex. 2006) (orig. proceeding). While waiver could perhaps be found with as little as ten months' delay, depending on the totality of the circumstances, appellees still must show that it has suffered prejudice as a result of the delay. *See Perry Homes*, 258 S.W. 3d at 593.

Appellants argue from *Fleetwood* that the evidence is legally insufficient to support the trial court's implied finding of prejudice. *See In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694-695 (Tex. 2008) (orig. proceeding). There, as in our case, no depositions were taken, although here some had been noticed and cancelled. One set of discovery had been

7

served before the motion to compel arbitration was filed. *Id.* No dispositive motion had been filed and movant did not wait until the eve of trial to file their motion. "Taken together, these actions are not enough to overcome the presumption against waiver." *Id.* (*citing In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763; *In re Bruce Terminix*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding)). We hold that appellees did not overcome the presumption against waiver and meet their burden to show prejudice.

## IV. ESTOPPEL

Appellees also argue equitable estoppel, citing *Perry Homes*, 258 S. W. 3d at 593. There the supreme court noted: "[e]stoppel is a defensive theory barring parties from asserting a claim or defense when their representations have induced 'action or forbearance of a definite and substantial character' and 'injustice can be avoided only by enforcement.'" *Id.* "By the same token, a party who enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils." *Id.* They urge, as in their waiver argument, appellees had to prepare, answer discovery, locate experts and spend over $11,000 in litigation costs. Appellants waited over ten months before seeking enforcement of the arbitration clause, setting a trial date, initiating discovery and sending deposition notices. Appellees argue that appellants, as real estate agents, should have known of the arbitration provision and it is fundamentally unfair to allow appellants "to cultivate their facts during months of litigation then discovering their error to change gears and shift the case into arbitration." Appellees, as plaintiffs below, failed to prove how either parties' preparation for trial or arbitration somehow disadvantaged appellees. Appellees proved no direct benefit or advantage to appellants. We fail to see how these

actions by appellants, taken together, overcome the presumption in favor of arbitration. *See In re Bruce Terminix*, 988 S.W.2d at 704.

## V. CONCLUSION

Given our finding of a valid arbitration agreement, appellees failed to meet their burden to overcome the presumption favoring arbitration. We reverse and remand and direct the trial court to compel arbitration and to undertake such other actions it deems appropriate consistent with this opinion.

DON WITTIG
Justice

Delivered and filed the
24th day of August, 2011.