…………………………………… 

 

                                      

                                                                                                                             

 

 

 

 

NUMBER 13-09-00426-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG




 
 
 
 
 
 
 


 



                                                                                                                     


VERONICA
ELLIS AND PACESETTER BUILDERS,

INC.
D/B/A COLDWELL BANKER PACESETTER 

STEEL
REALTORS,                                                                   
Appellants,

v.

 

DR.
RON SCHLIMMER AND TANA SCHLIMMER,                            Appellees.

 

                                                                                      
                                

On appeal from the
County Court at Law No. 4

                                       of
Nueces County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION ON
REMAND

 

Before Chief Justice
Valdez and Justices Benavides and Wittig Memorandum Opinion on Remand by
Justice Wittig[1]

 

          Some
ten months after litigation was initiated, appellants, Veronica Ellis and
Pacesetter Builders, Inc. d/b/a Coldwell Banker Pacesetter Steel Realtors,
filed a motion to abate and compel arbitration.  Appellees, Ron and Tana
Schlimmer, in their initial response to the motion, claimed waiver and estoppel
and argued that the language of the agreement did not include the dispute
between the parties.  The trial court denied the appellants’ motion.  This
interlocutory appeal ensued.  We reverse and remand.                                                                                                                                     I.
 Jurisdiction

            The
trial court apparently did not determine whether the Texas Arbitration Act or
the Federal Arbitration Act applied to this proceeding.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.001-.098
(West 2006) (“TAA”); 9 U.S.C. § 2 (“FAA”).  We previously held that because
appellants did not plead or invoke the TAA, we had no jurisdiction on this
interlocutory appeal; however, the supreme court determined that because
appellants argued the TAA to the trial court, and appellees had the burden to
show that some Texas state law or statutory requirement would prevent
enforcement of the arbitration agreement under the TAA, jurisdiction attached. 
Ellis v. Schlimmer, 338 S.W.3d 12, 17 (Tex. App.—Corpus Christi 2010), rev’d,
337 S.W.3d 860, 862 (Tex. 2011) (per curiam).  Thus, we now address the merits
of appellants’ complaints.

II.  Arbitration
Agreement

            The
detailed background of this case has previously been reported in the two cases
cited above.  Appellants maintain that, given the parties’ agreement to
arbitrate any disagreement between the parties, the trial court had no
discretion to deny their motion to compel arbitration. The agreement provided:

SHOULD THERE BE ANY
DISAGREEMENT BETWEEN SELLER AND BUYER THAT CAN NOT BE RESOLVED THROUGH
MEDIATION, BOTH BUYER AND SELLER AGREE TO SUBMIT THIS DISAGREEMENT TO BINDING
ARBITRATION WITH A MUTUALLY AGREEABLE ARBITRATOR.

 

When
we review an order denying arbitration under the TAA, we apply a no-evidence
standard to any factual determinations, and a de novo standard to legal
determinations.  In re Trammell, 246 S.W.3d. 815, 829 (Tex. App.—Dallas
2008, orig. proceeding).  We will sustain a no-evidence issue if:  (1) the
record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the proof of a vital fact is no more than a
mere scintilla; or (4) the evidence conclusively establishes the opposite of a
vital fact.  Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). 
When determining whether to compel arbitration, the trial court must
determine:  (1) was there a valid, enforceable arbitration agreement; and (2)
whether the claims asserted fall within the scope of the agreement.  Howell
Crude Oil Co. v. Tana Oil & Gas Corp., 860 S.W.2d. 634, 636 (Tex. App.—Corpus
Christi 1993, no writ).  

   Appellees
argued to the trial court that the arbitration contract language did not
include the dispute at issue, but they presented no evidence to allow the trial
court to reach such a conclusion.[2]
  On appeal, appellees argue that the arbitration clause is overly broad and not
specific as to what it applies.  They argue that a contractual clause is
ambiguous if its meaning is uncertain and doubtful or is susceptible to more
than one meaning, citing Coker v. Coker, 650 S.W.2d 391, 393─94
(Tex. 1983).  Furthermore, appellees contend that the contract must be complete
in its essential and material terms and capable of performance without adding
to its terms, citing Walzem Dev. Co. v. Gerfers, 487 S.W.2d 219, 222 (Tex.
App.—San Antonio 1972, writ ref’d n.r.e.).  Furthermore, because the
arbitration clause contained a mediation clause before arbitration, somehow it
is ambiguous.  We disagree.  

            Appellees
argue that the arbitration clause is not clear as to whether it applies to the
agreement between the buyer and seller or to the broker fee.  They say that
because the arbitration provision is placed after page 8 containing the
brokerage fee arrangement, it is unclear as to its application.  We do not
agree.  Paragraph 11, “Special Provisions” of the standard family residential
real estate contract, is one of twenty-one named provisions.  It follows
paragraph 10 which discusses possession.  Paragraph 11 clearly incorporates the
“SPECIAL PROVISONS attached” containing the arbitration provision.  The
paragraph 11 special provision attached addendum also discusses (1) a
contingent sale of the appellees’ property, (2) documentation of warranties,
and (3) seller (appellants) presenting marketing materials.  As noted, it also
contains the arbitration clause quoted above.  The arbitration clause is
straightforward and clearly applies to “any disagreement” between the parties.  
Appellees supply no proof that the clause is limited to the brokerage fee.

            While
appellees maintain that mediation is required by the contract, they apparently
did not seek mediation before filing suit or in contesting the arbitration
clause.  The standard form residential real estate contract signed by the
parties provides for mediation in paragraph 16.  Likewise, the arbitration
clause requires mediation.  The record discloses no effort by either party to
seek mediation.  However, paragraph 16 also provides: “This paragraph does not
preclude a party from seeking equitable relief from a court of competent
jurisdiction.”  Appellees cite no authority that the mediation clause somehow
makes the contract language ambiguous or unclear.  See Tex. R. App. P. 38.1(i); 38.2(a)(1).  In
appellees’ written response to appellants’ motion to compel arbitration, they
did not contend that mediation was a condition precedent, nor did they contend
as they do on appeal that the clause somehow made the agreement ambiguous.[3] 
Appellees fail to carry their burden to overcome the presumption favoring the
arbitration agreement.  See J.M. Davidson, Inc. v. Webster, 128
S.W. 3d 223, 227 (Tex. 2003).

Appellees
also state that the provision is overly broad.  They argue it “does not say it applies
to Ellis’s contract with the Schlimmers.”  Yet, we noted above, the provision
was clearly incorporated into the special provision section of the real estate
contract and manifestly applies to “any disagreement between seller and
buyer.”  Once a valid agreement to arbitrate has been established, a
presumption exists favoring agreements to arbitrate, and we must resolve all
doubts about the scope of the arbitration in favor of arbitration.  In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding).  Further,
once it is determined that a valid arbitration agreement exits, the burden
shifts to the party opposing arbitration to raise an affirmative defense to
enforcing arbitration.  Tex. Civ. Prac.
& Rem. Code Ann. § 171.021(a) (West 2006); Webster, 128 S.W.
3d at 227.  We hold that the agreement is not ambiguous and that the dispute is
within the scope of the agreement.  

                                                                        III.
Waiver

            Appellees
argued both to the trial court and on appeal that appellants waived the
arbitration provision.  They urge that there was a waiver because appellants
waited until five months before trial to demand arbitration, discovery had
taken place, experts were retained, and an alleged $11,000 had been spent in
litigation expenses.[4] 
Appellees cite In re Certain Underwriters at Lloyd's, 18 S.W.3d 867, 872
(Tex. App.—Beaumont 2000 orig. proceeding) (holding that there is no set rule
as to what constitutes waiver of an arbitration agreement; rather, waiver depends
on the facts of each case).  Waiver may be express or implied, but it must be
intentional.  Southwind Group v. Landwehr, 188 S.W. 3d 730, 735 (Tex. App.—Eastland
2006, no pet.).  Waiver may be found only when (1) the party seeking
arbitration has substantially invoked the judicial process and (2) the party
opposing suffered actual prejudice as a result.  Id.   A "heavy
burden of proof" is required to establish waiver of arbitration rights,
and the court must resolve all doubt in favor of arbitration.  In re Certain
Underwriters at Lloyd's, 18 S.W.3d at 872.

            Both
sides cite Perry Homes v. Cull, 258 S.W.3d 580, 591─592 (Tex.
2008).  In that case the supreme court reviewed federal standards and held that
waiver must be decided on a case-by-case basis, and that courts should look to
the totality of the circumstances.  Id. at 591.  Like the federal
courts, state courts have considered factors such as:  (1) when the movant knew
of the arbitration clause; (2) how much discovery had been conducted; (3) who
initiated the discovery; (4) whether it related to the merits rather than
arbitrability or standing; (5) how much of it would be useful in arbitration; and
(6) whether the movant sought judgment  on the merits.  Id. at 592.

            While
appellees contend that, as real estate professionals, appellants should have
known of the arbitration clause, counsel for appellants indicated they did not
know of the clause until shortly before filing their motion to compel
arbitration.  Regarding discovery, Ellis had propounded one set of discovery,
(production requests, interrogatories and disclosure requests) but Pacesetter
had not sent any discovery.  Depositions had been noticed by both sides but no
depositions had been accomplished.  All parties participated in a docket
control conference.  Appellees, plaintiffs below, retained expert witnesses.  

            The
modicum of discovery accomplished related to the merits of the case and could
therefore be useful in arbitration.  The parties’ efforts in requesting and
obtaining the limited discovery here is not prejudicial.  See In re
Harthorne, 282 S.W.3d 131, 142 (Tex. App.—Dallas 2009, orig. proceeding).  While
appellees assert that appellants sought affirmative relief, the only relief
sought was the original motion to compel arbitration, based upon Ellis’s
contract with the builder, and the present matter seeking to compel arbitration
with appellees.  Appellants sought no other affirmative relief against
appellees, and filed no dispositive motions or other actions to dismiss
appellees claims.

            Appellees
also argue waiver because Pacesetter filed its answer on September 22, 2008,
and Ellis filed her answer on September 28, 2008, then they waited until June
15, 2009 before they sought to compel arbitration.  Appellants argue that under
EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex. 1996) (applying the
FAA), implying waiver from a party's actions is appropriate only if the facts
demonstrate that the party seeking to enforce arbitration intended to waive its
arbitration right.  This principle is cited with approval in Perry Homes,
258 S.W. 3d at 591, n. 59.  In similar cases, no waiver was found when the
demand for arbitration was as late as two years.  See In re Vesta Ins.
Group, Inc., 192 S.W.2d 759, 763 (Tex. 2006) (orig. proceeding).  While waiver
could perhaps be found with as little as ten months’ delay, depending on the
totality of the circumstances, appellees still must show that it has suffered
prejudice as a result of the delay.  See Perry Homes, 258 S.W. 3d at 593.

            Appellants
argue from Fleetwood that the evidence is legally insufficient to
support the trial court’s implied finding of prejudice.  See In re
Fleetwood Homes of Tex., L.P., 257 S.W.3d 692, 694-695 (Tex. 2008) (orig.
proceeding).  There, as in our case, no depositions were taken, although here some
had been noticed and cancelled.   One set of discovery had been served before
the motion to compel arbitration was filed.  Id.  No dispositive motion
had been filed and movant did not wait until the eve of trial to file their
motion.  “Taken together, these actions are not enough to overcome the
presumption against waiver.”  Id. (citing In re Vesta Ins. Group, Inc.,
192 S.W.3d at 763; In re Bruce Terminix, 988 S.W.2d 702, 704 (Tex. 1998)
(orig. proceeding)).  We hold that appellees did not overcome the presumption
against waiver and meet their burden to show prejudice.

                                                                        IV.
Estoppel

            Appellees
also argue equitable estoppel, citing Perry Homes, 258 S. W. 3d at 593. 
There the supreme court noted:  “[e]stoppel is a defensive
theory barring parties from asserting a claim or defense when their
representations have induced ‘action or forbearance of a definite and
substantial character’ and ‘injustice can be avoided only by enforcement.’”  Id. 
“By the same token, a party who enjoys substantial direct benefits by gaining
an advantage in the pretrial litigation process should be barred from turning
around and seeking arbitration with the spoils.”  Id.  They urge, as in
their waiver argument, appellees had to prepare, answer discovery, locate
experts and spend over $11,000 in litigation costs.  Appellants waited over ten
months before seeking enforcement of the arbitration clause, setting a trial
date, initiating discovery and sending deposition notices.  Appellees argue that
appellants, as real estate agents, should have known of the arbitration
provision and it is fundamentally unfair to allow appellants “to cultivate
their facts during months of litigation then discovering their error to change
gears and shift the case into arbitration.”  Appellees, as plaintiffs below,
failed to prove how either parties’ preparation for trial or arbitration
somehow disadvantaged appellees.  Appellees proved no direct benefit or
advantage to appellants.  We fail to see how these actions by appellants, taken
together, overcome the presumption in favor of arbitration.  See In
re Bruce Terminix, 988 S.W.2d at 704.

V. Conclusion

            Given
our finding of a valid arbitration agreement, appellees failed to meet their
burden to overcome the presumption favoring arbitration.  We reverse and remand
and direct the trial court to compel arbitration and to undertake such other actions
it deems appropriate   consistent with this opinion.

                                                                                                                        

                                                                                                 DON
WITTIG 

                                                                                                Justice

Delivered and filed
the

24th day of August, 2011.



 

 

 

 

 

            









[1] The Honorable Linda Reyna Yañez,
former Justice of this Court, did not participate in this opinion because her
term of office expired on December 31, 2010, and she was replaced on panel by
Chief Justice Rogelio Valdez in accordance with the appellate rules.  See Tex. R. App. P. 41.1(a).  Retired
Justice Don Wittig was assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov’t Code Ann. § 74.003 (West 2005).





[2] The trial court’s denial of the
motion to compel arbitration seems to be based on waiver, given his citation to
authorities concerning this doctrine.





[3] At the hearing on the motion to abate
and compel arbitration, counsel for appellant Ellis indicated “there’s not
going to be any problem in us going to mediation.”  Indeed, the trial court
could have granted the requested abatement and ordered mediation under either
or both of the mediation clauses found in the contract.

 





[4] Appellants complain that appellees
provided no evidence of litigation expenditures.  Appellees counter that their
pleadings included the sum of expenses.  Because of the relatively small amount
of discovery and the reasonable nature of the expenses, we will accept as true,
arguendo, appellees’ expense allegations.